IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN ELECTRIC CO., LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PARSONS RCI, INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>COVANTA HONOLULU )<br>RESOURCE RECOVERY )<br>VENTURE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PARSONS RCI, INC., )<br>)<br>Defendant. )<br>_____ ) | CIV. NO. 13-00471 BMK<br>CIV. NO. 14-00020 BMK<br><br>(CONSOLIDATED CASES)<br><br><br>ORDER GRANTING<br>DEFENDANT/THIRD-PARTY<br>PLAINTIFF PARSONS RCI, INC.'S<br>RENEWED MOTION FOR LEAVE<br>TO FILE FIRST AMENDED AND<br>CONSOLIDATED THIRD-PARTY<br>COMPLAINT AND<br>COUNTERCLAIM AGAINST<br>COVANTA HONOLULU<br>RESOURCE RECOVERY<br>VENTURE |

ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF
PARSONS RCI, INC.'S RENEWED MOTION FOR LEAVE TO
FILE FIRST AMENDED AND CONSOLIDATED THIRD-PARTY
COMPLAINT AND COUNTERCLAIM AGAINST
<u>COVANTA HONOLULU RESOURCE RECOVERY VENTURE</u>

Before the Court is Defendant/Third-Party Plaintiff Parsons RCI,

Inc.'s ("Parsons") Renewed Motion for Leave to File First Amended and

Consolidated Third-Party Complaint and Counterclaim against Covanta Honolulu Resource Recovery Venture (the "Motion"). (Doc. no. 174.) Parsons seeks leave to file its First Amended and Consolidated Third-Party Complaint and Counterclaim to "clarify" its claims, including claims based on a number of Change Order Requests ("COR") allegedly unrelated to claims asserted by American Electric Co., LLC ("AE") (the "Amended Claims").

The Motion came on for hearing before the Court on February 11, 2015.[1] After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court hereby GRANTS the Motion.

## BACKGROUND

The facts of this case are well known to the Court and the parties. (See Order (1) Denying Covanta Honolulu Resource Recovery Venture's Motion for Partial Summary Judgment re Disallowed Claims (Doc. no. 113) and (2) Denying Covanta Honolulu Resource Recovery Venture's Motion for Partial

---

[1] Concurrent with the hearing on the present Motion, the Court also heard arguments on (1) Covanta's Motion for Partial Summary Judgment re Disallowed Claims, (2) Covanta's Motion for Partial Summary Judgment re Parsons, RCI, Inc.'s Duty to Defend and, With Respect to the Disallowed Claims, to Indemnify, and (3) Parsons's Motion for Partial Summary Judgment against Covanta Honolulu Resource Recovery Venture on its Claims and Counterclaims for Liquidated Damages. (Doc. nos. 113, 122, and 153.) The Court disposes of those motions by separate orders.

Summary Judgment re Parsons, RCI, Inc.'s Duty to Defend and, With Respect to the Disallowed Claims, to Indemnify (Doc. No. 122).) Accordingly, the Court only addresses the facts pertinent to the present Motion.

On September 16, 2013, AE filed suit against Parsons, alleging claims for breach of contract and unjust enrichment, based on Parsons's alleged refusal to pay for additional work. (Doc. no. 1.) AE subsequently amended its Complaint on September 24, 2013. (Doc. no. 5.) On January 22, 2014, Parsons filed its Third-Party Complaint against Covanta, and Covanta filed a counterclaim against Parsons. (Doc. nos. 25, 53, 103.)

Around the same time that Covanta filed its counterclaim against Parsons, it filed its own Complaint in a separate action against Parsons, which it amended on August 15, 2014 (the "Covanta Complaint"). (Doc. no. 1 in 14-cv-00020 ACK-RLP; Doc. no. 102 in 13-cv-00471 SOM-BMK.) On March 21, 2014, Parsons filed its answer to the Covanta Complaint and asserted a counterclaim against Covanta and a counterclaim against AE. (Doc. no. 51.)

Trial in this matter is currently set for May 19, 2015.

### STANDARD

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the

court's leave." Whether to grant leave to amend is within the district court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

## DISCUSSION

Parsons allegedly seeks leave to amend its Third-Party Complaint and Counterclaim against Covanta not to add new claims, but to "provide specificity to those claims already asserted." (Mot. at 11.) Parsons argues that its request is not made in bad faith, there is no undue delay or prejudice toward the other parties, and an amendment would not be futile. (Id. at 11-14.)

In response, Covanta argues that Parsons did not follow the contractual process for asserting claims against Covanta; Parsons did not seek an amendment of the Court's Rule 16 Scheduling Order; Parsons was not diligent in seeking the proposed amendment and cannot show "good cause" for the amendment; and Parsons cannot meet the standards set out in Rule 15(a). (Mem. in Opp'n at 23-36.) Covanta additionally argues that Parsons is precluded from asserting non-AE claims in the present litigation. (Id. at 36-37.)

I. Leave to Amend Under Rule 15(a)

The Court first considers whether Parsons has met the standard for leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Rule 15(a)(2), "a party may amend its pleading . . . with the . . . court's

4

leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the facts and circumstances a plaintiff relies upon may be the basis of relief, the plaintiff should be afforded an opportunity to test his claims on the merits. Foman, 371 U.S. at 182. In determining whether to grant leave to amend, courts consider factors such as: futility of the amendment; bad faith by the plaintiff; whether there was undue delay in seeking the amendment; whether it will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments. Id.; see also In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (the court weighs five factors in determining whether justice requires that leave to amend be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint").

      The Court holds that Parsons meets the standard set out by Rule 15(a). As an initial matter, the Court understands Covanta's frustration with having the Amended Claims pled at this stage of litigation. Although it does appear as though Parsons is alleging new facts, including those relating to the CORs that the parties agreed were not part of this litigation, Parsons had previously pled those claims, albeit very generally; since those claims could apparently not be settled separately, Parsons is asserting them as a part of this litigation. If the Court denies the

5

Motion, the parties would just be left to fight over the Amended Claims in a separate lawsuit and to try related matters twice, likely at great expense. As such, because Parsons's proposed amendment does not assert "new" claims, in the interest of fairness and efficiency, the Court does not find that Parsons's amendments will result in undue prejudice to Covanta.

Turning to the Rule 15(a) analysis, first, the Court does not find that there is bad faith on Parsons's part in bringing the present Motion. Parsons argues that the proposed amendment only gives the parties additional notice of the bases for claims previously pled. (Mot. at 11-12.) Conversely, Covanta argues that Parsons is attempting to gain an unfair advantage by bringing the non-AE claims so late. (Mem. in Opp'n at 33-36.) Although the Court agrees that Parsons could likely have sought an amendment earlier, there is nothing in the record to indicate bad faith or a wrongful motive on Parsons's part.

Second, the Court similarly determines that, even though trial is scheduled in a few months, Parsons has not exhibited undue delay. It initially filed the Motion in October 2014, but the motion was withdrawn, pending the parties' attempts to resolve the issues raised herein. (Mot. at 3 n.1.) As such, the Court cannot say that there is undue delay to warrant denying the Motion.

Third, as to prejudice to Covanta, the Court again acknowledges that

6

Covanta may have to conduct discovery with regard to the Amended Claims. (Mem. in Opp'n at 31-32.) Although the Court is not unsympathetic to Covanta's situation, the alternative is to dismiss the case so that Parsons can file a separate lawsuit based on the Amended Claims. (Reply at 11.) This second lawsuit would necessitate the same discovery required here and would arguably result in greater expense and time to litigate two separate lawsuits. Moreover, it appears that Covanta has been aware of the allegations and facts pertaining to the Amended Claims. (Id.) Thus, the possible prejudice faced by Covanta is not any greater than the resulting prejudice if the Court denies the Motion.

Fourth, the Court considers the futility of the proposed amendment. Covanta argues that the proposed claim for a share in Covanta's early completion bonus would be futile. (Mem. in Opp'n at 33.) However, Covanta's bald assertions regarding the completion of certain milestones are insufficient to demonstrate the futility of Parson's claims and are better determined when the facts are fully before the Court.[2] Therefore, the fourth factor weighs in Parsons's favor.

---

[2] Similarly, Covanta's brief argument that Parsons is contractually barred from asserting the Amended Claims is also not appropriate for disposition at this time and is better suited for a motion for summary judgment when the parties can fully brief the Court on this issue. (Mem. in Opp'n at 23.)

7

Finally, this is the first amendment sought by Parsons. As such, this factor weighs in favor of granting the Motion.

Therefore, based on the five factors of the Rule 15(a) analysis discussed above, the Court will allow Parsons to file its First Amended Third-Party Complaint and Counterclaim.

II.   Good Cause Under Rule 16

Next, Covanta argues that the Motion should be denied, because Parsons did not seek to modify the Court's Rule 16 Scheduling Order, and Parsons cannot show "good cause" to amend the order. Pursuant to the Court's February 24, 2014 Scheduling Order, the deadline to file motions to amend the pleadings was July 7, 2014. (Doc. no. 41.) However, Parsons originally filed the present Motion on October 22, 2014. Covanta argues that Parsons should not be allowed to disregard the Court's order, as it was not diligent in seeking the proposed amendments. (Mem. in Opp'n at 24-25.)

Although the Court is cognizant of its own deadlines, it holds that there is good cause to allow Parsons to amend its Third-Party Complaint and Counterclaim. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the

diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 adv. comm. notes (1983 amendment)). There is nothing in the record to demonstrate that Parsons had been dilatory in seeking the amendment; rather, Parsons has shown that it had pled the Amended Claims generally and was seeking to settle them out of court. Only when it became obvious that the settlement negotiations would not be fruitful did Parsons file this Motion. Moreover, Parsons argues that it has only recently been able to obtain the necessary facts to "identify and categorize its claims with the added specificity included in its amended claims." (Reply at 7.) As such, the Court finds that Parsons has shown good cause warranting a modification of the Rule 16 deadlines.

//

//

//

//

//

//

//

CONCLUSION

For the foregoing reasons, the Court GRANTS Parsons's Motion and allows Parsons leave to file its First Amended Third-Party Complaint and Counterclaim as attached to its Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 27, 2015.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

American Electric Co., LLC v. Parsons RCI, Inc., CIV. NO. 13-00471 BMK, CIV. NO. 14-00020 (Consolidated), ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF PARSONS RCI, INC.'S RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED AND CONSOLIDATED THIRD-PARTY COMPLAINT AND COUNTERCLAIM AGAINST COVANTA HONOLULU RESOURCE RECOVERY VENTURE